IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **RASHAUN FITZPATRICK,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. RWT 13-cv-1085 |
| | * | |
| **WMATA,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant WMATA filed a Motion for Summary Judgment. For the reasons stated below, the motion will be granted, and the Clerk will be directed to close this case.

On February 12, 2013, Plaintiff Rashaun Fitzpatrick ("Fitzpatrick") filed a Complaint against Defendant WMATA (Washington Metropolitan Area Transit Authority) in the District Court of Maryland for Prince George's County. ECF No. 2. The Complaint is a sparse one-page document that reads in full:

> I was terminated while out sick from work caring for my sick child who was born @ 27 weeks weighing 2 lbs 4 oz causing him to get sick frequen[tly] because of his being born early. I was denied FMLA and only wish to be made whole for the wrongful termination.

ECF No. 2. On April 11, 2013, WMATA removed the case to this Court, ECF No. 1, and on April 15, 2013, it filed an Answer to the Complaint, ECF No. 9. Following discovery, WMATA filed a Motion for Summary Judgment on October 16, 2013. ECF No. 21. Fitzpatrick filed a response to the motion on November 4, 2013, ECF No. 23, and WMATA replied on November 21, 2013, ECF No. 24.

Fitzpatrick began working for WMATA on May 27, 2008, as a bus operator. ECF No. 21-10 at 4. The Defendant submits a letter dated July 20, 2012 from WMATA official Jacqueline B. Smith

("Smith") to Fitzpatrick, stating that Fitzpatrick was absent from work May 3, 2012 through

June 28, 2012 "without any medical documents to support [her] absence." ECF No. 21-2.

Fitzpatrick showed up for work on June 29, 2012 and stated to Smith that she had been "held off by

Medical for sleep apnea, which resulted in [her] not being issued a DOT medical card," but that she

had been "issued a new DOT medical card and was cleared to return to duty." ECF No. 21-2. Smith

asserts, however, that Fitzpatrick "did not turn in [a] return to duty form as [she] requested," and

thus Fitzpatrick was directed to report to Smith's office within 48 hours of receiving Smith's letter

and "to bring with [her] medical documentation covering [her] entire absence from May 3, 2012

through June 28, 2012." ECF No. 21-2. In a follow-up letter dated July 25, 2012, Smith asserted

that Fitzpatrick had not complied with her earlier letter and that Fitzpatrick was terminated as of

July 25, 2012. ECF No. 21-3.

Following a grievance filed by Fitzpatrick's union, WMATA, the union, and Fitzpatrick

signed an agreement reinstating Fitzpatrick at WMATA in early 2013. ECF No. 21-4. The

agreement stated that Fitzpatrick would "not be entitled to any back pay resulting from the

agreement." ECF No. 21-4. Fitzpatrick returned to work in March 2013, and in August 2013

became a rail train operator. ECF No. 21-10 at 4-5, 10.

The Court construes Fitzpatrick's sparse Complaint as a claim under the Family Medical

Leave Act ("FMLA"). The exact period of time for which Fitzpatrick claims that she was wrongly

denied leave is unclear, but it appears to be around May 3, 2012 through her termination on

July 25, 2012. Fitzpatrick asserted in a deposition she did not report to work during that period

because of her own sleep apnea issues and inability to obtain a certificate permitting her to drive a

bus, because of medical issues with her son, and because of blood transfusions that she needed for

herself. *See* ECF No. 21-10 at 11-22.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.'" *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes of material fact are genuine if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In order to avoid summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256. While the court must view the evidence in the light most favorable to the nonmoving party, *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006), it must also "prevent factually unsupported claims and defenses from proceeding to trial," *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)) (internal quotation marks omitted).

WMATA argues that Fitzpatrick should be denied relief under the FMLA because (1) to the extent Fitzpatrick seeks relief based on her own medical conditions, WMATA is immune from suit, (2) Fitzpatrick did not work enough hours for WMATA in the 12 month period before she took leave in order to qualify for FMLA protections, and (3) Fitzpatrick's claims are barred by "principles of estoppel, release, waiver, and accord and satisfaction" as a result of her settlement agreement with WMATA. ECF No. 21 at 6-8. Fitzpatrick's response to WMATA's motion for summary judgment asserts that she took time off because of both her own and her son's medical problems, and that she was terminated without having the opportunity to "provide the proper documentation and coverage for [her] absence." ECF No. 23. She further requests that she be paid back pay for the 35 weeks that she asserts she was "entitled to and promised [to receive]."

ECF No. 23.  Because the Court finds the second argument made by WMATA to be persuasive, and because Fitzpatrick failed to counter WMATA's assertions with any evidence or arguments of her own, the Court will grant WMATA's motion without examining WMATA's first or third grounds for summary judgment.

"An employee is deemed 'eligible' for FMLA leave, where she has worked for the employer for at least twelve months and for at least 1,250 hours of the year immediately preceding the requested leave." *Moticka v. Weck Closure Sys.*, 183 F. App'x 343, 347 (4th Cir. 2006) (citation omitted); *see* 29 U.S.C. § 2611(2)(A). "The determination of whether an employee has been employed for at least twelve months and has worked the requisite hours is made as of the date that leave commences." *Moticka*, 183 F. App'x at 347 (citation omitted).

WMATA submits an affidavit of Roslyn E. Rikard ("Rikard"), Employment Program Specialist in WMATA's Department of Human Resources, in which Rikard states that she has "reviewed WMATA computerized records related to the hours worked by Plaintiff Rashaun Fitzpatrick for the 12-month periods ending May 1, June 1, July 1, and August 1, 2012," and that "[t]hese records indicate that Ms. Fitzpatrick had not actually worked the requisite 1,250 hours for FMLA eligibility in the 12-month periods ending May 1, June 1, July 1, and August 1, 2012. ECF No. 21-5. WMATA attaches records showing the hours Fitzpatrick worked for WMATA during these time periods, *see* ECF Nos. 21-6, 21-7, 21-8, 21-9, and although they are not a model of clarity, they appear to support Rikard's assertion that Fitzpatrick had not accumulated the requisite 1,250 hours before she failed to report to work in early May 2012. Fitzpatrick does not contest that she had not worked 1,250 hours for WMATA during the 12-month period preceding May 3, 2012. As a result, the Court concludes that Fitzpatrick was not an "eligible" employee under the FMLA, and summary judgment will be granted in favor of WMATA.

Accordingly, it is this 26th day of August, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Motion for Summary Judgment [ECF No. 21] is **GRANTED**; and it is further

**ORDERED**, that judgment for costs be entered in favor of the Defendant; and it is further

**ORDERED**, that the Clerk shall mail a copy of this Memorandum Opinion and Order to Plaintiff; and it is further

**ORDERED**, that the Clerk is directed to close the case.

/s/

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
